IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CURTIS TODD FOOSE, | : | |
| Petitioner | : | |
| | : | No. 1:18-cv-01176 |
| v. | : | |
| | : | (Judge Kane) |
| VINCENT MOONEY, | : | |
| Respondent | : | |

**MEMORANDUM**

On June 8, 2018, the Court received and filed a petition for a writ of habeas corpus (Doc. No. 1), submitted pursuant to 28 U.S.C. § 2254 by pro se Petitioner Curtis Todd Foose ("Petitioner"), an individual currently incarcerated at State Correctional Institution Retreat, in Hunlock Creek, Pennsylvania. The Court reviewed the petition and supporting memorandum pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 and on September 19, 2018, ordered Petitioner to show cause why his habeas petition should not be dismissed as untimely. (Doc. No. 8.) To date, Petitioner has not filed a response to the Court's September 19, 2018 Order, and the time in which to do so has elapsed. Accordingly, for the reasons that follow, the Court will dismiss the habeas petition.

**I.   BACKGROUND**

The petition alleges claims of an excessive sentence and ineffective assistance of counsel in connection with a judgment of sentence resulting from Petitioner's guilty plea in the Schuylkill County Court of Common Pleas as to the offense of third degree murder. (Doc. No. 1.) On November 5, 2010, Petitioner was sentenced to forty seven and a half (47 ½ ) to ninety five (95) years' incarceration. (Id. at 1.) The Superior Court affirmed Petitioner's judgment of sentence on November 7, 2013. Commonwealth v. Foose, No. 72 MDA 2016, 2016 WL

5266640, at *1 (Pa. Super. Sept. 22, 2016) (citing Commonwealth v. Foose, No. 787 MDA 2013 (Pa. Super. Nov. 7, 2013)).  The Supreme Court of Pennsylvania denied Petitioner's petition for allowance of appeal on May 30, 2014.  Id. (citing Commonwealth v. Foose, No. 929 MAL 2013 (Pa. May 30, 2014)).  Petitioner did not seek certiorari with the United States Supreme Court, and, consequently, his judgment of sentence became final on August 28, 2014.

On July 1, 2015, Petitioner filed a pro se petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-46 ("PCRA").  Petitioner did not appeal the PCRA Court's July 7, 2017 denial of his PCRA appeal on remand with the Superior Court of Pennsylvania.  See Commonwealth v. Foose, No. CP-54-CR-1822-2009 (C.C.P. Schuylkill Cty.)  Petitioner then filed the instant habeas petition on June 8, 2018.  (Doc. No. 1.)  On September 19, 2018, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, the Court ordered Petitioner to show cause why his habeas petition should not be dismissed as untimely.  (Doc. No. 8.)  The Court further warned Petitioner that his failure to respond to the September 19, 2018 Order would result in the dismissal of his habeas corpus petition.  (Id.)  Accordingly, Petitioner's response was due by October 19, 2018.  A review of the docket in the above-captioned action reflects that, to date, the Court has not received from Petitioner a response to its September 19, 2018 Show Cause Order.

**II.    LEGAL STANDARD**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.  Rule 4 provides, in pertinent part, that: "[i]f it plainly appears from the petition and any attached exhibits that the petition is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 4 of the Rules Governing Section

2

2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. Under 28 U.S.C. § 2244(d), the filing of a federal habeas corpus petition by a state prisoner pursuant to 28 U.S.C. § 2254 is governed by a one-year limitations period. The statute provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28. U.S.C. § 2244(d).

## III. DISCUSSION

Based upon the petition, the supporting memorandum, and the state court dockets, the Court concludes that the instant petition is untimely. Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations, a prisoner generally must file a federal habeas corpus petition within one year of the date his conviction became final. See 28 U.S.C. § 2244(d)(1)(A). Here, the applicable starting point for the statute of limitations is the

3

"conclusion of direct review or the expiration of the time for seeking such review." Id. The Superior Court affirmed Petitioner's judgment of sentence on November 7, 2013. Foose, No. 787 MDA 2013. The Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal on May 30, 2014. Foose, No. 929 MAL 2013. Petitioner did not seek certiorari with the United States Supreme Court, and, consequently, his judgment of sentence became final on August 28, 2014, ninety (90) days after the Supreme Court of Pennsylvania denied his petition for allocatur. See Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999). Therefore, Petitioner had one year from August 28, 2014, or until August 28, 2015, to file a timely federal habeas petition. The instant habeas petition was filed on June 8, 2018. (Doc. No. 1.) Therefore, unless it is subject to statutory or equitable tolling, the petition is time-barred.

Pursuant to 28 U.S.C. § 2244, the running of the limitations period is suspended for the period of time during which properly-filed state post-conviction proceedings are pending in any state court. See 28 U.S.C. § 2244(2). An application for state post-conviction relief is "filed" when "it is delivered to, and accepted by, the appropriate court officer for placement into the official record." Artuz v. Bennett, 431 U.S. 4, 8 (2000); see also id. ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."). A post-conviction relief application remains pending in state court until "the state courts have finally resolved an application for state post[-]conviction relief [but] § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari." Lawrence v. Florida, 549 U.S. 327, 333-36 (2007).

On July 1, 2015, Petitioner filed a pro se petition pursuant to the PCRA, which statutorily tolled the AEDPA limitations period because it was properly filed in accordance with Pennsylvania's procedural requirements. See Foose, 2016 WL 526640, at *1; see also U.S.C. §

4

2244(d)(2). Accordingly, the relevant AEDPA limitations period was tolled from July 1, 2015, when Petitioner first sought PCRA relief, until the completion of the collateral review process, which occurred on August 7, 2017, thirty (30) days after the PCRA proceedings terminated when Petitioner did not file an appeal of the PCRA Court's July 7, 2017 denial of his PCRA appeal on remand to the Superior Court of Pennsylvania. See Commonwealth v. Foose, No. CP-54-CR-1822-2009 (C.C.P. Schuylkill Cty.). Therefore, the AEDPA statute of limitations resumed running on August 8, 2017. Three hundred and seven (307) days of Petitioner's AEDPA limitations period elapsed between August 28, 2014, the date Petitioner's judgment of sentence became final, and July 1, 2015, the date Petitioner filed his timely PCRA petition. Accordingly, fifty-eight (58) days of Petitioner's remaining AEDPA limitations period began running on August 8, 2017, and the applicable AEDPA limitations period expired on October 4, 2017. Because Petitioner did not file the instant habeas petition until June 8, 2018, the petition is time-barred, unless it is subject to further statutory or equitable tolling. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (providing that litigant seeking equitable tolling bears the burden of establishing that "he has been pursuing his rights diligently," and "that some extraordinary circumstance stood in his way").

Because further statutory tolling is inapplicable, and Petitioner filed the instant petition 247 days past the end of the tolling period, the Court concludes that Petitioner's federal habeas petition is untimely.[1] Moreover, despite the Court's September 19, 2018 Order, Petitioner has

---

[1] The Court notes that Petitioner subsequently filed an application for extraordinary relief with the Supreme Court of Pennsylvania which dismissed the same on October 31, 2017. See Foose v. Commonwealth, No. 145 MM 2017 (Pa. Oct. 31, 2017). However, this filing did not statutorily toll AEDPA's statute of limitations period, as an application for extraordinary relief is not part of the ordinary appellate process. See Sunny v. Pennsylvania, Civ. No. 12-1469, 2014 WL 772439, at *8 (E.D. Pa. Feb. 27, 2014) (citing Wallace v. Dragovich, 143 F. App'x 413, 415-17 (3d Cir. 2005) (holding that filing an application for extraordinary relief in the state

5

not shown that equitable tolling is applicable in this instance.  See generally Holland v. Florida, 560 U.S. 631 (2010); Ross v. Varano, 712 F.3d 784 (3d Cir. 2013).  Accordingly, the Court will dismiss the instant habeas petition as untimely.

Pursuant to 28 U.S.C. § 2253(c)(1)(A), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding initiated pursuant to 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  See 28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  In the case at bar, jurists of reason would not find the procedural disposition of this case debatable.  Accordingly, no COA will issue.

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. No. 1.), as time-barred, direct the Clerk of Court

---

courts does not exhaust claims because the claims "bypass the normal appellate process")). However, even if Petitioner's application for extraordinary relief further tolled the limitation period, the instant petition was filed 162 days past the end of the tolling period.

to close the above-captioned action, and order that a certificate of appealability shall not issue.

An appropriate Order follows.